**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Antonio Castillo, Jr.,

  Plaintiff,

v.

Ryan F Thornell, et al.,

  Defendants.

No. CV-24-01400-PHX-SMM (JZB)

**REPORT AND RECOMMENDATION**

**TO THE HONORABLE STEPHEN M. MCNAMEE, UNITED STATES DISTRICT JUDGE**:

This matter is before the Court upon its own review.[1] Plaintiff has failed to timely serve Defendant Smith in this action and has failed to show cause why his claims against Defendant Smith should not be dismissed for failure to serve. Accordingly, the Court **recommends** Defendant Smith be **dismissed** without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Consequently, this Court further **recommends** that this action be **dismissed** without prejudice pursuant to Rule 41(b).

**I.    Background**.

On June 10, 2024, *pro se* Plaintiff, who is no longer in custody, filed a prisoner civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) On February 21, 2025, the District Court screened the Complaint, permitted his claim against Defendant Unknown Sergeant to proceed, and required Plaintiff to discover his identity. (Doc. 17 at 5–6.) Following

---

[1]    This Court was referred "for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1)" on January 6, 2026. (Doc. 23 at 4.)

Plaintiff's attempts to discover the identity of Defendant Unknown Sergeant, this Court, on February 24, 2026, ordered Respondent Thornell to file a notice containing the identity of Defendant Unknown Sergeant. (Doc. 29.) On March 3, 2026, Respondent filed a notice stating that Defendant Unknown Sergeant's real name was Sergeant Cory Smith and provided his work address. (Doc. 33.) On March 19, 2026, the Court received a notice of unexecuted service that stated that "Cory Smith [is] not an active C.O. [and] can[no]t locate him in system as a pervious employee." (Doc. 37 at 1.)

On March 27, 2026, this Court issued an Order to Show Cause requiring Plaintiff, on or before April 24, 2026, to: "(1) provide the correct address for Defendant Cory Smith; or (2) otherwise show cause why his claims against Defendant Cory Smith should not be dismissed for failure to effect service." (Doc. 40 at 2.) To date, Plaintiff has neither responded to this Court's Order to Show Cause nor served Defendant Smith. Additionally, the docket shows no evidence that Defendant Smith has been served. Consequently, 688 days have passed since Plaintiff filed his Complaint, and 432 days have passed since the District Court's Screening Order.

**II.    Legal Standard**.

Rule 16.2(b)(2)(B) of the Local Rules of Civil Procedure, which governs Plaintiff's civil rights action, provides that service shall be completed by the maximum date to effect service under Rule 4(m), "or sixty (60) days from filing of the service order, whichever is later." The applicable version of Rule 4(m) of the Federal Rules of Civil Procedure requires that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

> Good cause to avoid dismissal may be demonstrated by establishing, at minimum, excusable neglect. *See Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). In addition to excusable neglect, a plaintiff may be required to show the following factors to bring the excuse to the level of good cause: "(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be

- 2 -

severely prejudiced if his complaint were dismissed." *Id.*

*Lemoge v. United States*, 587 F.3d 1188, 1198 n. 3 (9th Cir. 2009).

Even if a plaintiff fails to show good cause, the district court may also, in its discretion, "extend time for service upon a showing of excusable neglect." *Lemoge*, 587 F.3d at 1198. To determine whether there is "excusable neglect," the Court considers: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)).

**III.    Discussion**.

To date, the docket does not reflect that Defendant Smith has been served. Since Plaintiff filed his Complaint, 688 days have passed. (Doc. 1.) Since the District Court screened Plaintiff's Complaint on August 18, 2025, 432 days have passed. (Doc. 17.) Additionally, Plaintiff has failed to timely respond to this Court's Order to Show Cause. (Doc. 40.)

Allowing this action to fester indefinitely without service on Defendant Smith siphons limited judicial resources. Additionally, the Court does not find excusable neglect because Plaintiff has not served Defendant Smith and has not responded to this Court's Order to Show Cause. Specifically regarding the excusable neglect factors, the Court finds: (1) that there is a danger of prejudice to Defendant if this action was permitted to proceed without service; (2) there has been a large delay in this action considering that this action is nearly two-years old; (3) there does not appear to be a valid reason for the instant delay; and (4) although the delay does not seem to be caused in bad faith, there is insufficient good faith to permit this action to proceed further. Therefore, in absence of excusable neglect, and for the foregoing reasons, the Court recommends that Defendant Smith be dismissed without prejudice.

Because—were this recommendation adopted—Plaintiff has failed to comply with a court order, and considering no Defendant remains in this action, the Court recommends

that this action be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming district judge's dismissal of an action for failure to comply with a court order requiring timely filing of a document).

In making this determination, the Court has considered the five *Ferdik* factors.[2] *Ferdik*, 963 F.2d at 1260–61. Here, the first, second, and third factors favor dismissal of this case. The fourth factor, as always, weighs against dismissal. With regard to the fifth factor, the Court has considered whether there are less drastic sanctions available, and finds there are none. Plaintiff was given ample time to serve Defendant Smith in this action. Additionally, Plaintiff was put on notice that he was required to serve Defendant Smith in this action. (Doc. 40.) Even after being provided with ample time and notice, Plaintiff has not executed service upon Defendant Smith. Given that Plaintiff has not complied with a court order, and considering that no Defendant remains in this action, the Court recommends this action be dismissed without prejudice.

Accordingly,

**IT IS RECOMMENDED** that Defendant Smith be **DISMISSED WITHOUT PREJUDICE** for failure to effect timely service pursuant to Fed. R. Civ. P. 4(m).

**IT IS FURTHER RECOMMENDED** that, considering Plaintiff's failure to effect timely service after a prior court order, and seeing as no Defendant remains in this action, this case be **DISMISSED WITHOUT PREJUDICE**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The Parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 6, 72. Thereafter, the Parties have 14 days within which to file a response to the objections.

---

[2] "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Ferdik*, 963 F.2d at 1260–61 (quoting *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986)).

- 4 -

Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 29th day of April, 2026.

Honorable John Z. Boyle
United States Magistrate Judge

- 5 -